IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



*FILED*

JUN 27 2018

Clerk, U.S. Courts
District Of Montana
Missoula Division

|  |  |
| --- | --- |
| NATIVE ECOSYSTEMS COUNCIL, ALLIANCE FOR THE WILD ROCKIES, | CV 18–87–M–DLC |
| Plaintiffs, | ORDER |
| vs. | |
| LEANNE MARTEN, Regional Forester, USFS Region One, U.S. FOREST SERVICE, and U.S. FISH & WILDLIFE SERVICE, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (Doc. 6). The Motion for a temporary restraining order is supported by the declaration of Michael Garrity, the Executive Director of Alliance for the Wild Rockies, and an excerpt of the Flathead National Forest Plan Amendment 21 Final Environmental Impact Statement. (Docs. 6-1; 6-2.) For the following reasons, the Court will grant Plaintiffs Motion in part and reserve ruling in part.

At issue is United States Forest Service's North Hebgen Project in the Custer-Gallatin National Forest, which Plaintiffs submit may commence as soon as

-1-

July 1, 2018. (Doc. 6 at 8.) Plaintiffs allege that Defendants failed to conduct Endangered Species Act ("ESA") consultation on Gallatin Forest Plan Amendment 51, the Forest Plan controlling the North Hebgen Project, despite the fact that the changes included in the Amendment "collectively reduce the quality and amount of 'old growth'" forest to the detriment of lynx, a species designated as threatened under the ESA. (*Id.* at 26.) At this juncture, Defendants have not yet responded to Plaintiffs Motion. Nonetheless, the Court is satisfied that, pursuant to Federal Rule of Civil Procedure 65(b), a temporary restraining is warranted in this instance.

The purpose of a preliminary injunction is to preserve the status quo and prevent the "irreparable loss of rights" before a final judgment on the merits, while the purpose of a temporary restraining order is to preserve the status quo until a hearing may be held on the appropriateness of a preliminary injunction. *See Textile Unlimited, Inc. v. A. BMH and Co.*, 240 F.3d 781, 786 (9th Cir. 2001); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). Both remedies are extraordinary and should not be awarded as a matter of right, but only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

The standards for both a temporary restraining order and a preliminary injunction are the same. Plaintiff must establish "that [it] is likely to succeed on

-2-

the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20. However, in ESA cases such as this one, the test is altered so that "the equities and public interest factors always tip in favor of the protected species." *Cottonwood Envtl. Law Ctr. v. USFS*, 789 F.3d 1075, 1090–91 (9th Cir. 2015). As the Court is presently without the benefit of Defendants' argument as to the inapplicability of this altered test, it is satisfied that the public interest and balance of equities factors weigh in favor of a temporary restraining order.

The Ninth Circuit has established that demonstrating "irreparable injury should not be an onerous task for plaintiffs." *Id.* (citing 16 U.S.C. § 1531). Indeed, Plaintiffs' expressed desire to visit the area in an undisturbed state is all that is required to sufficiently allege harm under the ESA. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Here, Plaintiffs have expressed just such a desire through the declaration of Michael Garrity. (Doc. 6-1 at 3–5.) As further explained by Garrity, "[i]f operations are allowed to proceed as planned, the area will be irreversibly degraded because once logging occurs, the Forest Service cannot put the trees back on the stumps, and our interests in the area

will be irreparably harmed." (*Id.* at 5.) Consequently, this factor weighs in favor of granting a temporary restraining order.

"Serious questions on the merits" are those questions that present a "fair ground for litigation and thus for more deliberative investigation." *Republic of the Philipines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988). Here, Plaintiffs have presented questions concerning Defendants' compliance with the directives of the ESA. Based upon the Court's preliminary review of Plaintiffs' claims and the Court's experience with similar litigation concerning the ESA, Plaintiffs' questions are serious in that the resolution of these questions necessitates "deliberative investigation" and further litigation.

Although Defendants have not yet been heard on this Motion, given the short time until the project is anticipated to commence, the irreparable injury apprehended by the initiation of operations, and the need to address Plaintiffs' ESA claims, the Court finds that a temporary restraining order is appropriate to maintain the status quo until the Court can have a hearing on this matter. A temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). The Court finds that the extension permitted in the rule is necessary in

this case because the Court's criminal docket prohibits the scheduling of a hearing on the requested preliminary injunction within the initial 14-day period allotted by the rule. Accordingly,

IT IS ORDERED that Plaintiffs' Motion (Doc. 6) is GRANTED IN PART. Plaintiffs' Motion is GRANTED to the extent that it requests a temporary restraining order. Defendants are temporarily restrained and enjoined from implementing the North Hebgen Project. This Order shall remain in effect for twenty-three days from this date.

IT IS FURTHER ORDERED that the Court reserves ruling on Plaintiffs' Motion as far as it requests a preliminary injunction until the time herein set for a hearing on this matter.

IT IS FURTHER ORDERED that a hearing on Plaintiffs' request for a preliminary injunction is set for July 20, 2018, at 1:30 p.m. in the Russell Smith Courthouse in Missoula, Montana.

DATED this 27th day of June, 2018.

Dana L. Christensen, Chief Judge
United States District Court