

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>LEANNE MARTEN, *et al.*,<br><br>Defendants. | CV 18–87–M–DLC<br><br>ORDER |

Before the Court is the Motion to Intervene (Doc. 32) filed by Sun Mountain Lumber, Inc. ("Sun Mountain") in which Sun Mountain seeks to intervene as defendant-intervenors in this case "as of right" pursuant to Federal Rule of Civil Procedure 24(a) or "permissively" pursuant to Rule 24(b). (Doc. 33 at 2.) Neither Plaintiffs nor Defendants take a position on Sun Mountain's request. (*Id.*) For the following reasons, Sun Mountain's Motion will be granted.

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the

-1-

applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. US. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *DBSI/TRJ IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

### 1. Timeliness

Sun Mountain's Motion is timely. The timeliness of a motion to intervene depends on three criteria: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (internal quotation marks and citations omitted). First, the litigation is

-2-

currently in the summary judgment stage and will not be delayed by Sun Mountain's intervention. (Doc. 33 at 9–10.) Second, while the Court has granted Plaintiffs' request for a preliminary injunction of the North Hebgen Project, the Court has yet to make any substantive rulings and summary judgment briefing has not yet been received. Consequently, the Court does not find that Sun Mountain's intervention would prejudice either of the Parties. Lastly, this litigation was initiated in May of this year, and the Court issued its Case Management Order very recently, on October 23, 2018. (Docs. 1; 34.) The Court finds that Sun Mountain has not unreasonably delayed intervening in this case.

**2. Significant Protectable Interest**

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and [n]o specific legal or equitable interest need be established." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks and citations omitted). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.* Sun Mountain holds a timber contract which serves to implement a portion of the challenged North Hebgen Project. (Doc. 33 at 12.) This timber contract will provide the mill with approximately a month and a half of work. (*Id.* at 13.) More

broadly, Sun Mountain asserts that it has an economic interest in "maintaining the supply of public timber on the market." (*Id.* at 14.) Without getting into the sufficiency of the latter, the Court finds that the former demonstrates a significant protectable interest. "Contract rights are traditionally protectable interests." *Southwest Cntr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### 3. Impairment of Interest

A "prospective intervenor has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Society v. U.S. Forest Service*, 630 f.3d 1173, 1180 (9th Cir. 2011) (internal quotation marks and citation omitted). The relief requested by Plaintiffs, the injunction of the North Hebgen Project and a declaration that Defendants have violated NEPA or the ESA, (Doc. 1 at 42), threatens the existence of Sun Mountain's ability to implement the timber contract. Accordingly, the Court finds that Sun Mountain will suffer a practical impairment of its interests should Plaintiffs succeed in this litigation.

### 4. Inadequacy of Representation

A prospective intervenor "bears the burden of demonstrating that the existing parties may not adequately represent its interest." *Berg*, 268 F.3d at 822. The burden is minimal and is satisfied if the applicant can demonstrate that

representation of its interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). This Court is to consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg* 268 F.3d at 823 (quoting *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). Additionally, there is "an assumption of adequacy when the government is acting on behalf of a constituency that it represents." *Arakaki*, 324 F.3d at 1086.

While Defendants and Sun Mountain share the objective of ensuring that the North Hebgen Project goes forward, their interests are not quite parallel. Sun Mountain has a narrower interest than Defendants in this action as it has unique economic and employment interests associated with this timber sale. The United States Forest Service must "present the broad public interest, not just the economic concerns of the timber industry." *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1499 (9th Cir. 1995) *overruled on other grounds by Wilderness Society*, 630 F.3d 1173. Indeed, "[i]nadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public." *Id.* (internal quotation marks and citation omitted).

-5-

Here, Sun Mountain's private economic need for this project to proceed is distinguishable and leads the Court to conclude that Sun Mountain's representation in the absence of intervention may be inadequate. Because the Court finds that Sun Mountain may intervene as a matter of right under Rule 24(a), the Court will not address Sun Mountain's request for permissive intervention pursuant to Rule 24(b).

In granting the motion for intervention as a matter of right, the Court advises Sun Mountain that, while it may participate in settlement negotiations with the Parties should such negotiations take place, its status as Defendant-Intervenor does not carry with it the right to prevent any settlement of Plaintiff's claims from occurring. *See United States v. Carpenter*, 526 F.3d 1237, 1240-1241 (9th Cir. 2008) (recognizing "that intervenors' consent is not required for approval of [a] settlement between the parties"); *Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528–529 (1986) ("It has never been supposed that . . . an intervenor . . . could preclude other parties from settling their own disputes and thereby withdrawing from litigation. Thus, while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.") (citations omitted).

Furthermore, the Court urges Sun Mountain to focus its briefing on its unique interests in this case. It is not helpful when intervenors or amici brief the same issues and make the same arguments advanced by other Defendants.

Accordingly, IT IS ORDERED that the Motion (Doc. 32) is GRANTED as follows:

1) Defendant-Intervenor are hereby granted leave to intervene as Defendant in this matter pursuant to Rule 24(a);

2) Defendant-Intervenor shall immediately file its answer;

3) Defendant-Intervenor shall confer with Counsel for Defendants on all motions and briefs to avoid repetitious arguments to the extent consistent with Defendant-Intervenor's interests; and

4) Defendant-Intervenors shall adhere to the Court's October 23, 2018 Case Management Order and file any summary judgment brief (limited to 10,000 words) by December 14, 2018 and any reply (limited to 6,250 words) by February 8, 2019.

DATED this 30th day of October, 2018.

Dana L. Christensen, Chief Judge
United States District Court